IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOY VANMETER,

    Plaintiff,

v.                                                                                 No. CIV 18-0970 RB/JHR

MICHAEL BRIGGS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On October 14, 2016, Ms. Joy VanMeter (Plaintiff) met Mr. Michael Briggs (Defendant) at his home for drinks. Plaintiff contends that Defendant drugged and sexually assaulted her. Defendant denies that he drugged Plaintiff and maintains that the entire interaction was consensual.

Plaintiff filed reports with the Albuquerque Police Department (APD) and with the parties' employer, the University of New Mexico (UNM). She later filed a civil lawsuit in state court, which Defendant removed. Defendant has filed an answer and counterclaim, and Plaintiff moves to dismiss his claims for spoliation of evidence and prima facie tort. Having considered the parties' arguments and relevant law, the Court will deny Plaintiff's motion to dismiss the spoliation claim and grant the motion to dismiss the prima facie tort claim.

**I.    Factual Background**[1]

At the heart of this lawsuit is Plaintiff's allegation that Defendant drugged and sexually assaulted her at his home on October 14, 2016. (*See* Doc. 1-1 (Compl.) ¶¶ 5, 8, 39–78.) Plaintiff later underwent an examination with a Sexual Assault Nurse Examiner (SANE) nurse (*see id.* ¶

---

[1] The Court recites the facts relevant to this motion as they are derived from the Complaint (Doc. 1-1 (Compl.) and Counterclaim (Doc. 3 (Countercl.) at 20–31) and resolves all factual disputes in favor of Defendant, the non-moving party.

110; *see also* Doc. 3 (Countercl.) ¶ 34), reported the alleged assault to APD (*see* Compl. ¶ 113; Countercl. ¶ 34), and filed a report with UNM, Defendant's employer (*see* Countercl. ¶ 34).

In his Counterclaim, Defendant contends that Plaintiff intentionally deleted "exculpatory" text messages between her and her husband and knowingly withheld their existence from investigators because they would have helped Defendant defend himself from the allegations. (*See id.* ¶¶ 35–38.) Defendant asserts that "APD [unsuccessfully] attempted to recover these deleted texts from Ms. VanMeter's phone," and her husband also shared the content of some of the messages with the APD investigator. (*Id.* ¶ 36.)

Defendant brings counterclaims against Plaintiff for (I) defamation, (II) malicious abuse of process, (III) spoliation of evidence (regarding the deleted text messages), (IV) intentional interference with prospective business relations, (V) intentional infliction of emotional distress, and (VI) prima facie tort. (*See id.* ¶¶ 40–90.) Plaintiff moves to dismiss the spoliation and prima facie tort claims. (Doc. 19.)

## II.    Legal Standard

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the [counterclaim] as true and must construe them in the light most favorable to the [counterclaimant]." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the counterclaim does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

### III. Analysis

#### A. Defendant has pled facts sufficient to state a plausible claim to relief for spoliation.

To state a claim for intentional spoliation, Defendant must plausibly allege:

(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 189 (N.M. 1995), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001) (citations omitted). Here, Defendant asserts facts to show that Plaintiff filed reports with APD and UNM, and therefore knowingly "created the existence of a potential lawsuit[] and other legal action[,]" satisfying the first two elements. (Countercl. ¶¶ 60–61.) He alleges that Plaintiff intentionally deleted text messages from her cell phone related to events described in the lawsuit, sent between herself and others (including her husband), thereby destroying potential evidence and satisfying the third element. (*See id.* ¶¶ 30–31, 35, 62.) He asserts that Plaintiff deleted the messages "to prevent investigators from becoming aware of [them] and to disrupt [his] ability to defend himself in any criminal, civil, or public employment proceeding[,]" satisfying the fourth element. (*Id.* at ¶ 63.) Defendant alleges that Plaintiff's "deletion of exculpatory texts . . . limit[ed] his ability to defend himself and pursue his" counterclaim, satisfying the fifth element. (*Id.* ¶ 64.) Finally, he asserts that he has suffered injury as a result of the spoliation, including "termination from his employment at UNM, injury to his reputation, personal humiliation, mental anguish and suffering[,] and financial loss[,]" satisfying the sixth element. (*Id.* ¶ 65.)

In a cursory fashion, Plaintiff argues that Defendant cannot maintain a claim for spoliation

3

where the evidence at issue is protected by a privilege recognized by state law. (*See* Doc. 19 at 7.) In other words, Plaintiff argues, the privileged communications cannot constitute potential evidence. Under New Mexico Rule of Evidence 11-505, "[a] person has a privilege to refuse to disclose, or to prevent another from disclosing, a confidential communication by the person to that person's spouse while they were married." *See* Rule 11-505(B) N.M.R.A. However, an otherwise privileged communication may be waived if the person possessing the privilege "voluntarily discloses or consents to disclosure of any significant part of the matter or communication." Rule 11-511 N.M.R.A. Defendant argues vehemently that Plaintiff has, through various circumstances, waived her privilege in the communications. (*See* Doc. 25 at 15–23; *see also* Countercl. ¶ 36 (describing APD's attempts to recover the deleted texts).) Yet, as Plaintiff notes in her reply brief, the Court has not been called on to decide whether the communications at issue were actually privileged;[2] rather, the Court's only task is to determine whether Defendant has plausibly alleged a claim for spoliation. *See Twombly*, 550 U.S. at 583 (citation omitted). The Court need not, at this stage, determine whether the communications are privileged.

Undaunted, Plaintiff continues with her more pressing argument: accepting as true that Defendant has plausibly asserted the elements of a spoliation claim, she asks the Court to find "as a matter of law that the tort of spoliation cannot lie when it is based upon an oral omission or deletion of communications that are subject to a privilege **regardless of waiver**." (Doc. 31 at 2 (emphasis added).) Plaintiff acknowledges that there is no New Mexico law directly on point but argues "that the New Mexico Supreme Court would recognize that a suit for spoliation based on

---

[2] Plaintiff asks the Court to ignore the exhibits Defendant attached to his response brief, because to consider them would require the Court to convert this motion to dismiss into a motion for summary judgment. (*See* Doc. 31 at 1–2; *see also* Docs. 25-1–25-7.) *See also* Fed. R. Civ. P. 12(d). The Court is able to decide this motion without considering evidence outside the pleadings and will not, therefore, convert the motion to one for summary judgment.

failure to disclose or deletion of privileged martial [sic] communications does not state a claim for relief." (*Id.* at 4.) The Court cannot agree.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.*

*Twombly*, 550 U.S. at 583 (Stevens, J., dissenting in part) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

In *Rhodes*, the United States Supreme Court "reversed the Court of Appeals' dismissal on the pleadings when the respondents, the Governor and other officials of the State of Ohio, argued that the petitioners' claims were barred by sovereign immunity . . . ." *Id.* The Supreme Court reasoned that "[w]hatever the plaintiffs may or may not be able to establish as to the merits of their allegations," they had sufficiently pled their claims as ones against the defendants in their individual rather than official capacities "given the favorable reading required by the Federal Rules of Civil Procedure, and" thus they were "not barred by the Eleventh Amendment." *Id.* at 583–84 (quoting *Scheuer*, 416 U.S. at 238).

Similarly, here, Defendant has plausibly pled a claim for spoliation of evidence. The Court acknowledges that the text messages may be protected under New Mexico Rule 11-505, but the Court is unwilling to find that this evidentiary rule provides authority to absolutely bar a spoliation claim. Instead, Plaintiff may defend against Defendant's claim by demonstrating that the text messages at issue were protected by the marital communications privilege. As the Supreme Court articulated, the Court is limited to determining whether Defendant has pled facts sufficient to assert a claim for spoliation. *See Twombly*, 550 U.S. at 583 (citation omitted). That Defendant may not

5

ultimately prevail on this claim is not the Court's concern at the 12(b)(6) stage. Consequently, the Court will deny Plaintiff's motion to dismiss Defendant's claim for spoliation.

> **B. Defendant has not pled facts sufficient to withstand Plaintiff's motion to dismiss his claim for prima facie tort.**

To establish a claim for prima facie tort, a plaintiff must show: "(1) defendant's lawful but intentional act; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) no justification for defendant's acts." *Andrews v. Stallings*, 892 P.2d 611, 626 (N.M. Ct. App. 1995) (citing *Schmitz v. Smentowski*, 785 P.2d 726, 734 (N.M. 1990)). Here, Defendant asserts that Plaintiff "engaged in an intentional, lawful act" that was intended to and did cause harm to Defendant, and that she "lacked any legitimate justification for her injurious actions." (*See* Countercl. ¶¶ 85–88.)

While he attempts to clarify his claim in his response brief (*see* Doc. 25 at 23–24), the Court finds that the allegations in his Counterclaim merely recite the elements of a prima facie tort claim. Defendant fails to allege any specific facts relevant to the claim and, thus, fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" cannot survive a motion to dismiss). The Court will grant Plaintiff's motion with respect to Defendant's prima facie tort claim.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss (Doc. 19) is **GRANTED IN PART** as described herein.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**