IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOY VANMETER,

    Plaintiff/Counter-Defendant,

v.

CV 18-0970 RB/JHR

MICHAEL BRIGGS,

    Defendant/Counterclaimant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION TO AMEND THE SCHEDULING ORDER

This matter comes before the Court on Defendant/Counterclaimant Michael Briggs' Second Motion to Amend Order Setting Case Management Deadlines and Discovery Parameters. [Doc. 54]. The Motion is partially opposed. [*See* Doc. 57]. While the parties agree that certain deadlines should be extended, at issue is whether the Court should grant Mr. Briggs' request to extend his expert disclosure deadline for any experts other than a forensic psychologist (Ms. VanMeter agrees that he should be permitted additional time for a defense evaluation of Ms. VanMeter to occur), and the extent to which the Court should extend the deadline to file pretrial motions (Mr. Briggs seeks until December 19, 2019, whereas Ms. VanMeter seeks only until December 2, 2019). [*Id.*, p. 1]. Having considered the parties' positions in light of the current pretrial and trial deadlines, the Court finds that Mr. Briggs' Motion should be granted in part.

**I.    BACKGROUND**

Ms. VanMeter claims that Mr. Briggs drugged and raped her. [Doc. 1-1]. "Mr. Briggs adamantly denies those claims, and asks [by his current Motion] that the Court give him fair opportunity to prove it." [Doc. 54, p. 2]. Specifically, Mr. Briggs points out that Ms. VanMeter identified eleven potential expert witnesses in the Joint Status Report. [Doc. 54, p. 3; *see* Doc. 10,

1

p. 15]. Mr. Briggs asks the Court to permit him additional time for discovery (two months) to depose these expert witnesses, to obtain Ms. VanMeter's medical records, and to then disclose his own experts. [*See* Doc. 54, p. 6].

Ms. VanMeter's Response brief makes clear that, while she will permit an examination by Mr. Briggs' forensic psychiatrist, she "opposes any extension for any other proposed experts." [Doc. 57, p. 2]. Ms. VanMeter argues that some of the witnesses Mr. Briggs seeks to depose – University of New Mexico ("UNM") employees who investigated her claims – will not be providing expert testimony. [*Id.*, pp. 5-6]. Likewise, Mr. VanMeter claims that Mr. Briggs unnecessarily delayed identifying a toxicologist, and argues that some of Mr. Briggs' proposed experts – such as an expert on her physical injuries – are unnecessary. [*Id.*, pp. 7-10].

In Reply, Mr. Briggs argues that his requested extensions should be granted because they will not prejudice Ms. VanMeter's case. [Doc. 74, p.1]. And, should Ms. VanMeter require more time to respond to Mr. Briggs' experts, he will not oppose the Court granting it. [*Id.*]. Substantively, Mr. Briggs chronicles his attempts to prepare his case for trial and argues that he should be permitted to offer an expert on UNM's investigation and to challenge Ms. VanMeter's witness on toxicology. [*Id.*, pp. 5-8].

The current discovery deadline was September 1, 2019, with pretrial motions due October 19, 2019, and the proposed pretrial order due to presiding District Judge Brack on December 22, 2019. [*See* Doc. 38]. The case is set for a pretrial conference before Judge Brack on February 21, 2020 and a bench trial commencing on April 20, 2020. [Docs. 15, 17].

## II.  LEGAL STANDARD

Once entered, a Scheduling Order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). "In practice, the Rule 16(b)(4) standard requires the

movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quoted authority and internal alterations omitted). Thus, "good cause obligates the moving party to provide an adequate explanation for any delay." *Id.* (quoted authority omitted). Above all, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. ANALYSIS

As the movant, it is Mr. Briggs' burden to establish good cause to modify the Scheduling Order. The Court concludes that this burden has been met. As detailed in Mr. Briggs' briefing, he has been diligent in conducting discovery and securing witnesses, warranting the extension of his expert deadlines as requested.[1] However, in the interest of fairness, the Court will also grant Ms. VanMeter additional time to depose Mr. Briggs experts, as set forth below.

The Court also finds that the parties have presented good cause to modify the pretrial deadlines. However, in light of the current trial setting in this case, the Court will only permit the parties until December 2, 2019, to file pretrial motions, as requested by Ms. VanMeter.

## IV. ORDER

Wherefore, for the foregoing reasons, the Court will modify the current Scheduling Order and imposes the following amended deadlines:

    d.    Mr. Briggs' Rule 26(a)(2) expert disclosure:    October 1, 2019

    e.    Termination date of discovery:    November 1, 2019; however, Ms. VanMeter is granted until November 25, 2019 to depose Mr. Briggs' experts.

    f.    Motions relating to discovery to be filed by:    November 15, 2019

---

[1] The Court notes that Mr. Briggs served his Rule 26(a)(2) Disclosure of Expected Opinion Testimony on October 1, 2019, as contemplated by his proposed extension.

g.  Pretrial motions other than discovery motions
(including Motions which may require a *Daubert* hearing)
filed by: December 2, 2019

h.  Pretrial Order from Plaintiff to Defendant by: February 1, 2020

i.  Pretrial Order to Court by: February 14, 2020

All remaining portions of the original Order remain in effect.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE