IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOY VANMETER,

    Plaintiff,

v.                                                                                         CV 18-0970 RB/JHR

MICHAEL BRIGGS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Michael Briggs' Motion for Attorney's Fees Regarding UNM Depositions [Doc. 108]. Having considered the University of New Mexico's (UNM's) Response [Doc. 121], and Briggs' Reply [Doc. 138], the Motion is **granted in part**.

**I.    BACKGROUND**

Claiming that Briggs drugged and raped her on October 14, 2016, Plaintiff Joy VanMeter filed suit against Briggs in New Mexico state court. [*See generally* Doc. 1-1]. After removing the case to federal court, [Doc. 1], Briggs answered and filed counterclaims against VanMeter. [*See generally* Doc. 3]. VanMeter answered Briggs' counterclaims, asserting *inter alia* that they are barred by "estoppel, collateral estoppel, res judicata, waiver, and unclean hands" as well as by Briggs' failure to mitigate his damages. [*See* Doc. 5]. Pertinent here, Briggs claims he was damaged by VanMeter's action of reporting his alleged conduct to their employer, UNM, which ultimately resulted in the termination of his employment.

Given the parties' reliance on UNM's actions, Briggs sought to depose all the UNM employees and executives involved in his termination. To this end, Briggs served subpoenas on the UNM Executives and other UNM employees. [*Id.*, pp. 9-11]. The UNM Executives responded by filing their Motion for Protective Order and to Quash on August 19, 2019. [*See generally id.*].

Briggs filed his Motion to Compel (which addressed the same issues as UNM's Motion to Quash) on September 13, 2019 [Doc. 79]. Ultimately, this Court ruled in Briggs' favor, concluding that UNM's resistance to the subpoenas was not substantially justified. [Doc. 100, p. 13].

Briggs now moves the Court "for an award of attorney's fees incurred in litigating the dispute with UNM to obtain depositions" from the UNM Executives. [Doc. 108, p. 1]. In total, Briggs seeks reimbursement for 79.2 hours of attorney time, which results in a total of $21,148.89 after gross receipts tax. [Doc. 108, p. 3]. UNM argues that this figure is "excessive." [Doc. 121, p. 1]. It states that filing both a Motion to Compel and a response to UNM's Motion to Quash and for Protective Order was unnecessary, and that Briggs "should be denied fees for any activities undertaken prior to the filing of the Motion for Protective Order [Doc. 60][.]" [*Id.*, 1-2]. Further, UNM argues that "it was unreasonable for two attorneys with over 19 years of experience each to collectively spend <u>nearly 70 hours</u> in briefing on this discovery dispute." [*Id.*, p. 2 (emphasis in original)].

**II.      LEGAL STANDARDS**

As the Court noted in its Memorandum Opinion and Order denying the UNM Executives' Motion to Quash and granting Briggs' Motion to Compel, "[t]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." [Doc. 100, p. 11 (quoting *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012))]. Thus, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" a district court to award attorney fees for discovery misconduct. [*See id.* (quoting *Centennial Archaeology*, 688 F.3d at 678)]. Under Rule 37(a)(5)(A),

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

2

incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010), § 2288, n.17), unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

"'Substantially justified' means justified to a degree that could satisfy a reasonable person." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (quoted authority omitted). The Court has already ruled that "UNM's position in seeking a protective order, moving to quash Briggs' subpoenas, and in opposing his Motion to Compel was not substantially justified because each of the UNM executives has personal knowledge of the facts of Briggs' termination which are plainly relevant to the claims and defenses in this case." [Doc. 100, p. 12]. Thus, all that remains is to determine the amount of fees to be awarded.

When the Court decides a party is entitled to an award of fees, the burden shifts to the fee applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is within the district court's discretion…. [and] [h]ourly rates must reflect the prevailing market rates

3

in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted). The Tenth Circuit has identified several factors a court may employ to determine the reasonableness of a requested fee award:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1103 n.3 (10th Cir. 2010) (citations omitted). Additionally, fees awarded do not necessarily include the time and resources spent outside of actually litigating motions made under Rule 37. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012).

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citation omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). As such, a lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Jane L.*, 61 F.3d at 1510 (citation omitted); *see Case*,

157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear.").

"A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F. 2d at 1203 (citations omitted); *Case*, 157 F.3d at 1252. As examples, the *Mares* court pointed to cases in which the Supreme Court reduced hours to account for a lawyer's lack of experience, for a failure to keep contemporaneous time records, and for unreasonable, unproductive or excessive time. *Mares*, 801 F. 2d at 1203 (citations omitted).

Additionally, once the Court has adequate time records before it, it must then ensure that the winning party's attorneys have exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. As the Supreme Court has stated, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoted authority omitted) (emphasis in original); *see also Mares*, 801 F. 2d at 1204 (fee awards "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.") (quoted authority omitted). Thus, it is not proper to bill for every hour logged where adjustments may be made for lack of experience or conducting general research. *See Mares*, 801 F. 2d at 1204 (citations omitted). A "district court may also reduce the reasonable hours awarded if 'the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

## III. ANALYSIS

As noted, Briggs attorneys' claim that they spent 79.2 total hours working on the instant discovery dispute. [Doc. 108-2, p. 4]. The Court will reduce the number of hours awarded for several reasons.

First, as noted above, Rule 37(a)(5) only allows for reasonable fees in making or opposing the motion at issue. Though district courts have discretion, the Tenth Circuit has held that

> [u]nder Rule 37(a)(5) the district court must ordinarily order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in *filing or opposing a discovery motion* if the opposing party's discovery motion is granted, the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied.

*Centennial Archaeology*, 688 F.3d at 678 (emphasis added) (citations omitted). District courts around the country have ruled in a similar fashion. *See, e.g.*, *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105, 111 (S.D.N.Y. 2011). Therefore, the Court will deny Briggs "11.1 hours … for [time his attorneys] spent communicating with UNM and amongst each other . . . ." [Doc. 121, p. 3] and 0.8 hours of attorney time for communications with UNM on August 27, 2019. These communications are outside the scope of Rule 37, which focuses on the time and resources spent producing the motions. Thus, the Court will reduce the total fee request by 11.9 hours, leaving 67.3 compensable hours.

Next, the Court must determine whether Briggs' attorneys exercised billing judgment in light of the tasks performed. In its review of Briggs' attorneys' itemization of their requested fees in Exhibit B, the Court identified eight similar entries between September 1 and 13, 2019, which total 39.7 requested hours. [*See* Doc. 108-2 at 3-4]. Each of these entries includes edits and revisions to Briggs' Response and the Motion to Compel. [*Id.*]. Without more information, there is no way to differentiate between the time spent on each of the two motions, and the Court does not believe that Briggs' attorneys would ordinarily charge a client for time spent editing and

revising the duplicative briefing. As cited above, case law makes clear that UNM should not bear the full brunt of the requested fees where Briggs, as the paying client, would not have. The Court will accordingly reduce these hours by half and subtract 19.85 hours from the total fee request, leaving 47.45 hours of compensable attorney time.

Finally, the Court agrees with UNM that Briggs' Motion to Compel filed on September 13, 2019 [Doc. 79], and his Response to the Motion for Protective Order filed on September 14, 2019 [Doc. 80], are generally redundant. [Doc. 121, p. 4]. UNM's position is that it was unreasonable for two experienced attorneys to work on these issues and to spend the amount to time claimed working on them. [*Id.*, p. 7]. The Court agrees that the amount of briefing, and time spent on that briefing, appears excessive in light of the similarity of the issues addressed by each brief Briggs filed. However, Briggs was entitled to file his briefs, and was ultimately successful on the merits. As such, the Court will only subtract 1/3 (15.66 hours) of the total remaining hours. The result is a total of 31.79 compensable hours.

The Court will not reduce the hourly rates requested by Briggs' attorneys. Mr. Travis Jackson values his time at $250 per hour and Ms. Meghan Stanford charged $225 per hour for the dispute at issue. [Doc. 108-1, p. 1-2]. By affidavit, Mr. Jackson and Ms. Stanford aver that these rates are average or below average for attorneys of similar experience in the Albuquerque, New Mexico, area. [*Id.*]. UNM has not questioned these amounts, and the Court's independent review confirms they are reasonable for this legal market.

As a result, the Court will award Briggs 15.9 hours at Mr. Jackson's $250/hour hourly rate, totaling $3,975.00, and 15.9 hours at Ms. Stanford's $225/hour hourly rate, totaling $3,577.50, for a total fee award of $7,552.50. Briggs is also entitled to the state gross receipts tax his attorneys

would charge on this amount (7.875%), or an additional $594.75. **Therefore, the total fee award is $8,147.25**.

**IV.    ORDER**

Wherefore, Briggs' Motion for Attorney's Fees Regarding UNM Depositions [Doc. 108], is **granted in part**. The Court awards Briggs **$8,147.25**, to be paid by UNM within 60 days of the entry of this Order.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE